IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

GREGORY MEYER,               )       No. 81858-9-I
)
         Appellant,      )       DIVISION ONE
)
       v.             )       UNPUBLISHED OPINION
)
KING COUNTY, WASHINGTON,    )
)
        Respondent.     )
)

HAZELRIGG, J. — Gregory Meyer seeks reversal of an order granting summary judgment for King County and dismissing his claims for retaliation and disability discrimination. He argues that the trial court erred in finding that a 2016 settlement agreement between the parties barred his claims. Because the agreement was intended to resolve all claims between the parties and was made with the understanding that Meyer would not be eligible for rehire, we affirm.

FACTS

King County's Facilities Management Division (FMD) hired Gregory Meyer in 2003 as a security officer. In January 2014, Meyer filed a discrimination complaint with the Department of Labor and Industries alleging that King County had discriminated against him for participating in an occupational safety and health complaint. Although the Department determined that the complaint had merit, the Office of the Attorney General did not initiate litigation. In August 2015, Meyer filed

an administrative claim for damages against King County alleging retaliation for filing the complaint and disability discrimination based on failure to accommodate his disability. The parties engaged in mediation but did not resolve Meyer's claims.

After the mediation, counsel for both parties continued to negotiate the terms of a possible settlement agreement via email. Meyer's counsel requested a positive reference and that "no potential employer will be told that Mr. Meyer is ineligible for re-hire." The County responded that it "would like to include language in the settlement that Meyer agrees not to reapply for County employment." Meyer's counsel requested confirmation that "when he applies for jobs and the employer contacts the county for a reference, the employer will be told that he is 'eligible for rehire' irrespective of the language of any settlement agreement." The attorneys then had the following email exchange:

> [County's counsel:] Will Greg agree to language saying he won't apply to work at the County?
> . . .
> [Meyer's counsel:] Yes, if the County increases the monetary payoff to $150[,000] or increases the paid leave to 6 months.
> . . .
> [County's counsel:] We won't.
> . . .
> [Meyer's counsel:] Then, he will agree without the provision.

In response, the County's attorney expressly informed Meyer's attorney that the County would not rehire Meyer regardless of whether or not he agreed not to reapply:

> If Greg will not agree not to reapply for work with the County, then the only reference we will agree to is dates of employment, position, salary. If asked for a reason he left, we will say he resigned. If asked whether he was in good standing when he left, we can say yes. If prospective employers ask for more information, or if he is eligible for re-hire, we will say that is all of the information we will give. <u>King</u>

> <u>County will not consider rehiring an employee who we paid money to leave employment. Telling a prospective employer we would is not true, so we can't do it</u>.

(Emphasis added). Meyer agreed to the County's proposed terms.

Meyer and King County, through FMD interim director Anthony Wright, signed the settlement agreement on April 1, 2016. The agreement stated that it was intended to resolve "any and all issues related to Meyer's employment with the County." Meyer agreed to resign his position and release King County for any claims relating to his employment. In return, the County agreed to pay Meyer $100,000 and place him on paid administrative leave for three months. The agreement also included a process for handling any future employment inquiries:

> Meyer will direct any request for an employment reference to Denise Gregory Wyatt, the Human Resources Service Delivery Manager for FMD. Gregory Wyatt will tell potential employers Meyer's dates of employment, his job title and his rate of pay when he left employment. If asked whether Meyer left employment in good standing, references will be told that he did leave in good standing. If asked whether Meyer is eligible for re-hire, references will be told that the County will not provide any additional information.

After his period of administrative leave ended and he resigned his position on July 15, 2016, Meyer began submitting applications for jobs with the County. Between July 2016 and August 2019, he submitted 22 applications for positions with FMD and other divisions of the County.[1] FMD human resources staff did not review Meyer's applications based on interim director Anthony Wright's instructions that Meyer was ineligible for rehire. However, Meyer's personnel file did not contain a "no rehire" code. Consequently, human resources staff responded to Meyer's inquiries about application status citing various other

---

[1] Meyer abandoned his claims concerning the applications to County jobs outside of FMD.

reasons, including "standard, 'canned' Human Resources language," that his applications were unsuccessful.

Meyer brought suit in August 2019, alleging that King County's refusal to rehire him was based on disability discrimination and retaliation for his conduct while employed. King County moved for summary judgment based on the settlement agreement. The court granted the motion and dismissed Meyer's claims of retaliation and discrimination. Meyer appealed.

ANALYSIS

We review an order granting summary judgment de novo. Cornwell v. Microsoft Corp., 192 Wn.2d 403, 410, 430 P.3d 229 (2018). We perform the same inquiry as the trial court, viewing all facts and drawing all inferences in favor of the non-moving party. Folsom v. Burger King, 135 Wn.2d 658, 663, 958 P.2d 301 (1998). Summary judgment is appropriate when the pleadings, affidavits, depositions, and admissions on file demonstrate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Folsom, 135 Wn.2d at 663.

A settlement agreement is subject to the common law of contracts. Condon v. Condon, 177 Wn.2d 150, 162, 298 P.3d 86 (2013). "[T]he touchstone of the interpretation of contracts is the intent of the parties." Scott Galvanizing, Inc. v. Nw. EnviroServices, Inc., 120 Wn.2d 573, 580, 844 P.2d 428 (1993). Washington courts determine the intent of the contracting parties based on the objective manifestations of the agreement rather than any unexpressed subjective intent. Hearst Commc'ns, Inc. v. Seattle Times Co., 154 Wn.2d 493, 503, 115 P.3d 262

(2005). "[W]hen interpreting contracts, the subjective intent of the parties is generally irrelevant if the intent can be determined from the actual words used." Id. at 503–04.

"[I]ntent of the contracting parties cannot be interpreted without examining the context surrounding an instrument's execution." Id. at 502. Therefore, we determine intent by "'viewing the contract as a whole, the subject matter and objective of the contract, all the circumstances surrounding the making of the contract, the subsequent acts and conduct of the parties to the contract, and the reasonableness of respective interpretations advocated by the parties.'" Berg v. Hudesman, 115 Wn.2d 657, 667, 801 P.2d 222 (1990) (quoting Stender v. Twin City Foods, Inc., 82 Wn.2d 250, 254, 510 P.2d 221 (1973)). This means that we may consider extrinsic evidence to determine the intent of the parties regardless of whether the language of the contract is ambiguous. Pitell v. King County Pub. Hosp. Dist. No. 2, 4 Wn. App. 2d 764, 774, 423 P.3d 900 (2018). "However, we may not consider '(1) [e]vidence of a party's unilateral or subjective intent as to the meaning of a contract word or term; (2) [e]vidence that would show an intention independent of the instrument; or (3) [e]vidence that would vary, contradict or modify the written word.'" Id. (alterations in original) (internal quotation marks omitted) (quoting Kelley v. Tonda, 198 Wn. App. 303, 312, 393 P.3d 824 (2017)). Courts will not revise a clear and unambiguous agreement or impose obligations that the parties did not assume for themselves. Puget Sound Power & Light Co. v. Shulman, 84 Wn.2d 433, 439, 526 P.2d 1210 (1974).

Meyer argues that the trial court erred in granting summary judgment for the County based on the language of the settlement agreement.[2] We disagree. Although the settlement agreement does not explicitly state that Meyer is ineligible for rehire, it is clear from the included language and the circumstances surrounding the making of the contract that the parties did not intend for the agreement to preserve Meyer's eligibility for rehire with the County. The agreement expressly states that the County will not respond to any potential employer's inquiry about Meyer's eligibility for rehire. The emails between the parties' counsel when negotiating the terms of the agreement provide context for this provision. Although Meyer requested that potential employers be told that he was eligible for rehire, the County made clear that it would not tell a prospective employer that it would rehire him because that statement would not be true. If the statement that he is eligible for rehire is untrue, then he must be ineligible for rehire. The negotiations do not evidence any attempt by Meyer to secure eligibility for rehire with the County. While Meyer did not agree to refrain from applying for King County jobs in the future, the County's position that he would not be eligible for rehire was clearly communicated and the agreement was executed with this understanding.

Meyer argues that the trial court implicitly acknowledged that the agreement was ambiguous because it considered the extrinsic evidence of the email exchange between the parties' attorneys. However, as noted above, the context rule of contract interpretation allows courts to consider extrinsic evidence relating

---

[2] Although Meyer also assigned error to the trial court's ruling that the pre-settlement email correspondence between the parties' counsel was not barred by ER 408, he withdrew this challenge in his reply brief.

to the circumstances surrounding the making of the contract even without a determination that the terms of the contract are ambiguous. It is clear that the parties intended Meyer not to be eligible for rehire when they made the settlement agreement. The trial court did not err in granting summary judgment for the County and dismissing Meyer's claims.

Affirmed.[3]

WE CONCUR:

---

[3] Meyer argues that he is entitled to an award of attorney fees on appeal under RAP 18.1 and RCW 49.60.030(2). Because he is not the prevailing party on appeal, we decline to award him fees.